UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA LYNN HANE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 6292 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Rebecca Lynn Hane brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff filed an application for benefits on July 26, 2013, alleging a disability onset date of January 1, 2005. (R. 68-70.) Her application was denied initially on December 6, 2013, and again on reconsideration on August 13, 2014. (R. 68, 81.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 19, 2016. (R. 34-59.) On October 18, 2016, the ALJ issued a decision denying plaintiff's application. (R. 20-28.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the SSA must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the SSA to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 22.) At step two, the ALJ found that plaintiff has the severe impairments of "autoimmune disorder; scoliosis; obesity; history of cataract surgery; macular edema; and hyperlipidemia." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (R. 23.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work as a hairstylist, and thus is not disabled. (R. 24-28.)

The ALJ concluded that plaintiff can perform medium work without any overhead reaching or fingering restrictions (R. 24, 26), a conclusion plaintiff says is contrary to her testimony and the record as a whole. Plaintiff testified that she has "trouble reaching up" on her right side and, on bad days, has difficulty using her right hand, which prevents her from cooking, cleaning, and doing other household chores. (R. 41-49.) As the ALJ pointed out, the medical evidence is at odds with plaintiff's testimony. The clinical notes of plaintiff's treating physician, Dr. Munn, which he cited when asked to opine on the limitations caused by plaintiff's condition (R. 434-36), show that plaintiff's symptoms are controlled with medication. (*See, e.g.*, R. 360 (7/17/12 medical record noting that plaintiff "is doing well on Enbrel and Plaquenil in terms of joint pain and swelling without current symptoms"); R. 364 (1/17/12 medical record stating that plaintiff "is doing well on Enbrel and Plaquenil in terms of joint pain and swelling with rare episodes now"); R. 367, 372 8/18/11 & 2/17/11 medical records noting that plaintiff "improved on Enbrel and [P]laquenil," and was "doing well without active joint complaints"); R. 376 (8/12/10 medical record stating that plaintiff "improved on Enbrel and [P]laquenil," is "not having any joint pain or swelling currently," and has "no limitations physically right now due to the arthritis"); R. 379, 381 (2/11/10 & 8/31/09 medical records stating same).) Similarly, two

different consultative examiners found that plaintiff had normal fine dexterity movements and 5/5 grip strength in her hands, "no restriction of range of motion," and "no limitation of any joint." (R. 344, 404.) In short, the ALJ's conclusion that plaintiff had the physical RFC to perform medium work is supported by substantial evidence.

Plaintiff also argues that the ALJ erred in rejecting the opinion of plaintiff's treating physician, Dr. Munn. The ALJ was required to give the treating physician's opinion controlling weight if "it [was] well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2);[1] *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must give good reasons for the weight that it assigns a treating physician's opinion. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Dr. Munn opined that plaintiff had a "history of persistent joint pain, swelling and tenderness involving multiple major joints" and had "signs of joint inflammation . . . on current physical examination despite prescribed therapy for at least 3 months," which "resulted in significant restriction of function of the affected joints." (R. 436.) The ALJ gave "[n]o weight" to Dr. Munn's opinion because it "does not set forth functional limitations," some of his treatment records state that plaintiff "had no limitations due to arthritis," and "there is no indication that Dr. Dunn [sic] is familiar with the Agency's rules and regulations for determining disability." (R. 27.)

---

[1] This regulation applies to claims that were filed before March 27, 2017.

Given the vague and conclusory nature of Dr. Munn's opinion, the ALJ's failure to assess it in accordance with the regulatory factors was harmless error. Though Dr. Munn said plaintiff's joint function was significantly restricted, he did not indicate what joints were affected or what specific limitations the restriction caused. When he was asked to identify the specific limitations, Dr. Munn simply referred to his clinical notes (R. 434-36), which as discussed above, state that plaintiff's symptoms are controlled by medication and/or that her arthritis does not cause any physical limitations. In other words, Dr. Munn's "opinion" is vague, contradicted by his own treatment notes, and sheds no light on plaintiff's ability to engage in work activities. Because assessing this opinion in accordance with the regulatory factors would not have made it more substantial or relevant, the ALJ's failure to do so is not a basis for remand.

Plaintiff fares better with her last argument, that the ALJ's RFC "completely ignore[s] any limitations arising out of Plaintiff's depression." (Pl.'s Mem. Supp. Mot. Summ. J., ECF 9 at 9.) With respect to this issue, the ALJ said:

> The record contains notation of depression. However, there is no evidence of symptoms or abnormal mental status tests showing that the claimant has a mental disorder as described in the 12.00 series of listings, including 12.04 for affective disorders. In addition, there is no evidence of any episodes of decompensation or any limitations in activities of daily living, social functioning, and with regard to concentration, persistence or pace. There is no evidence of mental health treatment. Furthermore, the evidence does not show that a mental disorder caused, or could be expected to cause, functional limitations for twelve months or more. Therefore, the undersigned finds that depression is a "non-severe" impairment.

(R. 22-23) (citations omitted).

As plaintiff points out, the ALJ did not apply the "special technique" when determining that plaintiff's depression was not a severe impairment. *See* 20 C.F.R. § 404.1520a (eff. to Jan. 16, 2017) (instructing ALJs to determine whether the claimant has a medically determinable mental impairment and, if so, to assess the degree of limitation that the impairment causes the

claimant in "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation"). The SSA contends that this was a harmless error. (Def.'s Mem. Supp. Mot. Summ. J., ECF 17 at 4); *see Richards v. Astrue*, 370 F. App'x 727, 730 (7th Cir. 2010) ("An ALJ's failure to explicitly use the special technique may be harmless error . . . ."). The Court disagrees. The ALJ noted that plaintiff had been diagnosed with depression and concluded that it did not impact her activities of daily living, social functioning, concentration, persistence, or pace or result in any episodes of decompensation. (R. 22-23.) The ALJ did not, however, "identify the relevant evidence and build a logical bridge between that evidence and the ultimate determination." *See Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) (quotation omitted). Thus, based on the ALJ's limited articulated reasoning, the ALJ's conclusion that plaintiff's depression is not a severe impairment is not supported by substantial evidence.

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [8], denies the SSA's motion for summary judgment [16], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    **ENTERED:   May 21, 2018**


_____
**M. David Weisman**
**United States Magistrate Judge**